UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

In re:

      Chukwuma Oka dba Chumarks
      International Compan,

                                  Debtor.
-----------------------------------------------------------X

Case No.: 19-44327-ess

Chapter 13

Judge: Elizabeth S. Stong

## OBJECTION TO DEBTOR'S REQUEST FOR LOSS MITIGATION

**TO:   THE HONORABLE ELIZABETH S. STONG,**
**       UNITED STATES BANKRUPTCY JUDGE**

      Richard Postiglione, attorney for SN Servicing Corporation as servicer for U.S. Bank Trust National Association as Trustee of the Igloo Series IV Trust ("hereinafter SN Servicing Corporation"), hereby affirms under penalty as follows:

      1.    I am an Associate Attorney of Friedman Vartolo, LLP, attorneys for the Secured Creditor.

      2.    The Debtor filed a petition for relief under Chapter 13 of the Bankruptcy Code on July 16, 2019.

      3.    This Objection is submitted in response to the Loss Mitigation Request filed on August 30, 2019 [ECF Doc. No. 24] in regard to the Premises located at 3122 Fulton Street, Brooklyn, NY 11208.

      4.    SN Servicing Corporation hereby objects to loss mitigation on the grounds that the Debtor is no longer the owner of the property and holds no legal title to the Premises.

      5.    The Debtor had two prior cases pending within the previous one-year period

which were dismissed. On June 6, 2018, the Debtor filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case 18-43315-ess. An Order dismissing the case was entered on July 23, 2018 due to § 521 Deficiencies. The Debtor filed another voluntary petition for relief under Chapter 13 of the Bankruptcy Code under case 18-46794-ess. That case was dismissed via a Trustee's Motion to Dismiss on February 25, 2019. An Order dismissing the case was entered on April 24, 2019.

6.      As demonstrated above the debtor had two cases pending within the previous year which were dismissed. Therefore, according to 11 U.S.C. § 362(c)(4)(A)(i), the automatic stay did not go into effect upon the filing of this current case.

7.      As no stay was in place, a foreclosure sale of the concerned Premises was conducted on July 18, 2019, whereby the property was sold to a third-party purchaser.

8.      Pursuant to General Order #582 which sets forth the Loss Mitigation Program Procedures in the Eastern District of New York, in order to participate in loss mitigation, the Debtor must hold an interest in the property.

9.      It is well established that under New York State Law, a debtor's right of redemption of, and interest in real property is extinguished by a foreclosure sale. A debtor does not have an ownership interest in a property once the right to redeem is extinguished following a foreclosure sale. Ghosh v. Fi. Fed. Sav & Loan Ass'n (In Re: Ghosh), 38 B.R. 600 603 (Bankr. EDNY 1984); Rogers v. Cnty of Monroe (In Re: Rogers), 333 F.3d 64, 65 (2Cir.2003).

10.      New York law is clear that "[r]edemption is not permitted after a foreclosure sale, whether or not a deed has actually been delivered to the sale purchaser." GMAC Mortgage Corp. v. Tuck, 299 A.D.2d 315,316, 750 N.Y.S.2d 93,95 (2nd Dept 2002) citing Belsid Holding Corp v. Dahm, supra. "[O]nce the sale takes place, however, the right to redeem is extinguished,

as a matter of law, whether or not the deed has been delivered. Once the right to redeem is lost, it cannot be revived, even by court order." Norwest Mortgage, Inc v. Brown 2006 Ny Slip Op 09575 (2nd Dept. 2006).

      11.    Therefore, it is respectfully submitted that the Debtor is ineligible for loss mitigation as the Debtor no longer has an interest in the Real Property.

      **WHEREFORE,** Movant respectfully requests that this Court deny the instant application, in its entirety, as requested herein; and further relief that this Court deems proper.

Dated: September 13, 2019
Garden City, New York

Respectfully submitted,
FRIEDMAN VARTOLO, LLP.

By: /s/ Richard Postiglione
RICHARD POSTIGLIONE, ESQ.
1325 Franklin Avenue, Suite 230
Garden City, New York 11530
Telephone: 212-471-5100

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X

In re:                                                          Case No.: 19-44327-ess

      Chukwuma Oka dba Chumarks            Chapter 13
      International Compan,
                                                                Judge: Elizabeth S. Stong

                            Debtor.

----------------------------------------------------------X


I, Richard Postiglione, an attorney duly admitted to practice law before the District Courts of the State of New York, respectfully certify that I am not a party to this action, am over 18 years of age and reside in the State of New York. On September 13, 2019, I served the foregoing Opposition by mailing the same in a sealed envelope, with postage paid thereon, in an official depository of the United States Post Office within the State of New York, addressed to the last known address of the addressee(s) as indicated below:

**Chukwuma Oka**
3122 Fulton Street
Brooklyn, NY 11208

**Marianne DeRosa**
Office of the Chapter 13 Trustee
100 Jericho Quadrangle
Ste 127
Jericho, NY 11753

**United States Trustee**
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014

                            /s/Richard Postiglione
                            RICHARD POSTIGLIONE, ESQ.